IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FREDERICK-WILLIAM: VAN HORN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1734-L |
| | § | |
| **SYLVIA LOPEZ-BEAVER**, d/b/a Judge; **AARON MARTIN**, d/b/a Waxahachie Police Officer Badge # 140; **JEFFREY WINNINGHAM**, d/b/a Waxahachie Police Officer, Badge # 134; **CITY OF WAXAHACHIE, LORI DENNY** and **ELISA YRLAS**, d/b/a Municipal Court Clerks, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants', Sylvia Lopez-Beaver, Municipal Court Clerks Lori Denny and Elisa Yrlas, Waxahachie Police Officers Jeffrey Winningham and Aaron Martin, and the City of Waxahachie, Rule 12 Motion to Dismiss, or in the Alternative, Rule 56 Motion for Summary Judgment ("Defendants' Rule 12 Motion to Dismiss, or in the Alternative, Rule 56 Motion for Summary Judgment"), filed December 28, 2006. After careful consideration of the motion, responses, briefs, appendices, record, supplements, hearing, and applicable authority, the court **grants** Defendants' Alternative Motion for Summary Judgment, and **denies as moot** Defendants' Rule 12 Motion to Dismiss.

**I. Factual and Procedural Background**

Frederick-William: Van Horn and Fredrick-Marshall: Van Horn[1] filed their First Amended Petition Suit for Damages on August 26, 2006, alleging state law intentional torts and civil rights violations under 42 U.S.C. § 1983 against Defendants Sylvia Lopez-Beaver, Lori Denny, the late Elisa Yrlas, Jeffrey Winningham, Aaron Martin, and the City of Waxahachie, Texas[2] (collectively,"Defendants"). The amended petition alleged that Defendants were liable for fraud, false imprisonment, fraudulent filing of documents, official misconduct and for civil rights violations resulting in alleged "illegal arrests." Plaintiff contends that Waxahachie Police Officer Aaron Martin ("Martin") filed fraudulent documents when he signed complaints against him for speeding, failure to maintain financial responsibility and no valid driver's license. Martin was the officer who personally observed the violations and issued citations to Van Horn. Waxahachie Court Clerks, Lori Denny ("Denny") and the late Elisa Yrlas ("Yrlas"), administered the oaths for the complaints and subsequently filed the complaints. Plaintiff alleges that Denny and Yrlas are liable for filing the allegedly fraudulent documents.

This case has its origin in traffic citations issued on July 1, 2001. On this date, Officer Martin issued traffic citations to Plaintiff for three violations: speeding, no driver's license, and failure to maintain financial responsibility. The citation required Plaintiff to appear on or before

---

[1] On October 22, 2007, all claims made by Fredrick-Marshall: Van Horn against Defendants were dismissed with prejudice. Accordingly, Frederick-William: Van Horn is the only Plaintiff in this action and will be referred to as "Plaintiff" or "Van Horn."

[2] The City of Waxahachie is not named in the caption of the amended petition; however, Plaintiff Van Horn has made it abundantly clear that he is also suing the individual Defendants in their official capacities. An "official capacity" lawsuit is merely a suit against the governmental entity of which the individual is an agent, employee, or official. In this case, all individual Defendants were employed by the City of Waxahachie. Accordingly, the City of Waxahachie is a defendant in this case.

July 12, 2001; however, he did not appear by this date. On July 17, 2001, the Waxahachie Municipal Court sent notices to Plaintiff warning him that, if he did not appear within 10 days, warrants would be issued for his arrest. On August 23, 201, Martin signed three complaints against Van Horn, one for each violation. Yrlas signed the complaints for no driver's license and failure to maintain financial responsibility, and Denny signed the complaint for speeding. On the same day, based on affidavits signed by Martin, Judge Sylvia Lopez-Beaver ("Lopez-Beaver") signed two warrants for the arrest of Plaintiff, one for no valid driver's license and the other for failure to maintain financial responsibility.

On April 17, 2004, during the course of an investigation of a possible kidnapping attempt, Ellis County Sheriff Deputy Slagle encountered Plaintiff and his father. The Sheriff's dispatcher informed Deputy Slagle that Plaintiff was wanted on outstanding warrants from the Waxahachie Police Department. Pursuant to the warrants, Plaintiff was taken into custody by Deputy Slagle. Police Officer Jeff Winningham ("Winningham") signed the return portion of the warrants for arrest on April 17, 2004.

Defendant Lopez-Beaver entered judgments against Plaintiff on April 17, 2004. For the charge of failure to maintain financial responsibility, Plaintiff entered a plea of guilty, waived his right to a jury trial and was fined $308. For the charges of speeding and no driver's license, Plaintiff entered pleas of guilty, waived his right to a jury trial and was given credit for time served in lieu of a fine. On September 22, 2005, Defendant Lopez-Beaver issued a *capias pro fine* for the arrest of Plaintiff for his failure to pay the $308 fine.

## II. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence

in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. <u>The Individual Defendants</u>

The court need not address all arguments made in favor of the individual Defendants. Plaintiff, at various times, has stated unequivocally that he does not wish to pursue any claims against the individual Defendants. He states:

> 60. As William has stated throughout Williams pleadings William by listing the individual parties is suing the municipality in drawing the complaint or listing occurrences. The governmental municipal units policy is established and challenged & claims as to civil rights violation established for purposes of this action. [sic]
>
> 61. The claims plaintiffs have made against the municipal parties stand only against the municipality. There are no claims specifically that create private capacity liability of any of the municipal parties. All claims made thus far are claims at official capacity at which rest on the municipality for its policy, thus defendants argument for dismissal is not only irrelevant but frivolous. So for William's claims against the municipality i.e. governmental unit. William is not after damages for the intentional torts, William is after damages for the civil rights violating process, policy, & systems of operation that the complaints establishes as such a list of occurrences. [sic]

Plaintiffs' Resp. to Rule 26 Conf. ¶¶ 60-61. He further states:

> William contends to sue the municipality i.e. the defendant's employer as it were CPRC 101.106 F. for the acts & actions of the municipalities employees. William finds it unnecessary at such previous amendment to dismiss any individual parties further. William certifies that his remaining claims rest solely on the Waxahachie Municipality. Beavers employer & in this there remains no personal or individual liability of the municipal parties, i.e. Urlas, Elisa, Winningham, Lori Denny, Martin, or Sylvia. [sic]

Plaintiff's Amended and Joint Status Report 1-2. Finally, at the hearing on October 22, 2007, Plaintiff stated clearly and distinctly, "My claim is against the City of Waxahachie."

As is perfectly clear from the record, Plaintiff does not desire to pursue any claims against the individual Defendants. Whatever claims he intended to assert initially against them are abandoned, or withdrawn, and no longer before the court. As no claims against the individual Defendants are before the court, no genuine issue of material fact could possibly exist as to nonexistent claims. Defendants Lopez-Beaver, Martin, Winningham, Denny and Yrlas are therefore entitled to judgment as a matter of law.[3]

### IV. Municipal Liability under 42 U.S.C. § 1983

Plaintiff's suit against the individual Defendants in their official capacities is treated as a claim against the City of Waxahachie, the governmental entity that employs them. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Brooks v. George County,* 84 F.3d 157, 165 (5th Cir.), *cert. denied,* 519 U.S. 948 (1996). To the extent that Plaintiff has sued the individual Defendants in their official capacities, such "official capacity" claims are redundant and serve no purpose, as the City of Waxahachie is a party to this action. Dismissal of the "official capacity" claims against the

---

[3]The court alternatively **holds** that dismissal of all claims against these Defendants is proper pursuant to Fed. R. Civ. P. 41(b), as Plaintiff has made it unequivocally clear that he has no intention or desire to pursue his claims against any of the individual Defendants.

individual Defendants is warranted. *See Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996).

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id. See also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as :

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of [city] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [city] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) (per curiam); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*) (per curiam), *cert. denied*, 472 U.S. 1016 (1985). A plaintiff must identify the policy, connect the policy to the governmental entity itself and show that his injury was incurred because of the application of that specific policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A plaintiff must establish that the governmental entity through its deliberate conduct was the "moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bryan County v. Brown,* 520 U.S. at 404.

Liability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official. *Bennett*, 728 F.2d at 769. The official complained of must possess

> [f]inal authority to establish [city] policy with respect to the action ordered. . . .The official must also be responsible for establishing final government policy respecting such activity before the [city] can be held liable. . . .[W]hether an official had final policymaking authority is a question of state law.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-482 (1986). An employee, agency, or board of a governmental entity is not a policymaker unless the governmental entity, through its lawmakers, has delegated exclusive policymaking authority to that employee agency or board and *cannot* review the action or decision of the employee, agency or board. *See City of St. Louis v. Praprotnik*, 485 U.S. 112,127 (1988); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1340-41 (5th Cir. 1989).

Plaintiff purports to state a claim against the City of Waxahachie based on an unconstitutional policy or custom. Construing Plaintiff's allegations in various pleadings, he appears to allege that the City of Waxahachie's policy or practice of issuing "capias warrants" is a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff, however, only states such allegations in a highly conclusory manner, does not state how the alleged policy or practice violates the Fourteenth Amendment, and offers no proof to establish, or raise a genuine issue of material fact, that the alleged policy or custom violates such provision of the United States Constitution. Van Horn simply fails to meet the stringent test for establishing municipal liability pursuant to 42 U.S.C. § 1983. Since proof of any unconstitutional policy or custom is totally lacking, there is no genuine issue of material fact, and the City of Waxahachie is entitled to judgment as a matter of law on this claim.

### IV. Municipal Liability under State Law

Plaintiff asserts state law claims of fraud, false imprisonment and "official misconduct" against the City of Waxahachie. A city is immune and cannot be liable for intentional torts under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.057(2) (Vernon 2005). As false imprisonment and fraud are intentional torts, the City of Waxahachie can incur no liability on these state law claims. Regarding Plaintiff's purported claim of "official misconduct," such claim does not exist. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App. – Tyler 1996, writ denied). Accordingly, the City of Waxahachie cannot be liable on a nonexistent claim.

### V. Conclusion

For the reasons set forth herein, the court determines that no genuine issue of material fact exists with respect to any of Plaintiff's claims against any Defendant. Accordingly, the court **grants** Defendants' Alternative Motion for Summary Judgment, and **denies as moot** Defendants' Rule 12 Motion to Dismiss. The court **denies** all other pending motions on file as of October 31, 2007. The court **dismisses** all claims of Plaintiff **with prejudice**.

**It is so ordered** this 31st day of October, 2007.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge