IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDERICK-WILLIAM VAN HORN and FREDERICK-MARSHALL VAN HORN | )<br>)<br>) |
| v. | )     3-06-CV-1734-L<br>)<br>) |
| SYLVIA LOPEZ-BEAVER, ET AL | ) |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on November 16, 2007, on December 20, 2007, came on to be heard Defendants City of Waxahachie, Judge Sylvia Lopez-Beaver, Lori Denny-Saunders, Elisa Yrlas, Aaron Martin and Jeffrey Winningham (the "City Defendants")'s[1] motion for attorney's fees filed on November 14, 2007. The Movant Defendants appeared through their counsel of record, Kevin M. Curley, and the Plaintiffs Frederick-William Van Horn (hereinafter referred to as "William") and Frederick-Marshall Van Horn (hereinafter referred to as "Marshall") appeared personally, and having considered the relevant pleadings and the statements of Plaintiffs, proceeding *pro se,* and those of Mr. Curley, the court finds and recommends as follows:

This action was originally filed by William in the 40th Judicial District Court of Ellis County, Texas. On August 24, 2006, a first amended petition was filed in which Marshall joined William as a plaintiff and in which they alleged that Deputy Slagle falsely imprisoned the two of them on April 17, 2007[4], and that the City Defendants engaged in conduct which violated their constitutional rights

---

[1] In addition to the City Defendants, Plaintiffs previously named Ellis County and Deputy Sheriff Chris Slagle as Defendants in this case but who were dismissed on February 27, 2007, pursuant to Plaintiffs' agreed stipulation of dismissal.

in violation of 42 U.S.C. § 1983. As alleged in the first amended petition Plaintiff William, the son of Plaintiff Marshall, was arrested by Deputy Slagle on an invalid outstanding capias warrant and Marshall was detained for a period of time due to a civilian report of an attempted kidnaping which ultimately was determined to have been inaccurate. They filed a Second Amended Petition in state court on September 5, 2006.[2]

On September 29, 2006, the City Defendants and Deputy Slagle removed the case to federal court. *See* Docs. 7-8. Subsequently on February 9, 2007, the Van Horns met with counsel for the City Defendants and for Deputy Slagle. At this meeting Marshall apparently stated that he was not suing any of the City Defendants. William W. Krueger, III, one of the City Defendants' attorneys memorialized statements made in the course of the conference in a letter dated February 12, 2007 (*See* Exhibit A to the City Defendants' motion for attorney's fees). The letter noted the lack of clarity in Plaintiffs' pleadings and requested Marshall to file a motion non-suiting the City Defendants as parties. Marshall did not file a motion dismissing claims against the City Defendants, although he and William did file an agreed stipulation which dismissed Slagle and the County from the case. *See* n. 1, *supra*. Follow-up letters to Marshall and William requesting dismissal of the claims against the City Defendants, *Id.* Exhibits D. B. and C, did not result in any further action by Marshall. However, at the hearing held by the District Court on October 22, 2007, Marshall advised that he was not pursuing any claims against the City Defendants, as a result of which the District Court dismissed all of his claims with prejudice.

Although a prevailing defendant may recover attorney fees when a § 1983 plaintiff's claim

---

[2]The Van Horns gave some additional elaboration of their version of the events of April 17, 2004, at the hearing before the undersigned on December 20, 2007.

is frivolous, unreasonable or groundless, *see e.g. Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999), the facts and circumstances as they relate to Marshall do not warrant taxing him with the City Defendants' attorneys' fees.

Pleadings filed in this case beginning with Plaintiffs' August 24, 2006, amended petition through the date on which the District Court filed its memorandum opinion and order (Doc. 81) were signed by both William and Marshall. However, it is clear to the undersigned that William was the instigator of the lawsuit and has been primarily responsible for the drafting and filing of the pleadings. If anything, it appears that Marshall's involvement as a party stems from paternal affection and not due to any malicious motivation against the City Defendants.[3] Also, it is clear that Marshall is not only a lay person, but one of limited education. The lack of clarity in the claims alleged - not the least of which stems from the fact that the term "plaintiff" set out in the pleadings is sometimes singular while at other times plural - further demonstrates Marshall's lack of sophistication. Finally, as early as February 9, 2007, the City Defendants' attorney was well aware that Marshall was not pursuing any claims against them. Supplied with this information the City Defendants could easily have filed a Rule 11(c) motion for sanctions or a Rule 12 (e) motion for a more definite statement which could have swiftly and inexpensively disposed of Marshall's claims long before he orally moved for dismissal on October 22, 2007.

The circumstances as they relate to William with respect to the filing and pursuit of claims against the City Defendants differ in part and degree from those which pertain to his father, Marshall. The factual background on which William's claims were predicated are set out in the District Court's memorandum opinion and order filed on October 31, 2007, at 2-3 (Doc. 81). After

---

[3]Apparently due to his proficiency Marshall types the Plaintiffs' pleadings.

the Van Horns' interaction with Deputy Slagle and his determination that no attempted kidnaping had taken place, William was arrested and detained due to his failure to pay a previously imposed fine. Like his father, William has a limited formal education and his knowledge of the law is entirely self-taught and unsurprisingly is fraught with numerous misapprehensions of legal principles.

As Judge Lindsay noted in his memorandum opinion of October 31, 2007, in both his written pleadings and his statements made at the hearing on October 22, 2007, William unequivocally eschewed any claims against the City employees individually and sought to limit his claims to those against the City of Waxahachie. Thus it was known to the City Defendants' counsel no later than on or about February 21, 2007, that his § 1983 claim was only against the City. (*See* Doc. 32).

After the case was removed to federal court, the City of Waxahachie could have pursued relief under Rule 11 (c), particularly after William made clear that he was seeking relief only against the City. The undersigned agrees with the District Court's observation that some of the legal positions taken by Plaintiffs are borderline frivolous but does not find that William's claims are so lacking in merit as to require him to pay for the City Defendants' attorney's fees.[4]

**Costs**. The City Defendants also seek to recover $1,680.24 in expenses in addition to attorney's fees. *See* Exhibit "F", *supra,* at ¶ 7. In its judgment entered on October 31, 2007, the

---

[4] The magistrate judge further notes that the City Defendants' documentation of the attorney fees sought is woefully inadequate. It consists solely of a listing of attorneys, the hours claimed and each attorney's hourly billing rate. *See* Exhibit "F" at ¶ 6, to the City Defendants' motion for attorney's fees. Affidavit of William W. Krueger III. It is impossible to determine when time was expended, what services were rendered and whether billing judgment was exercised. If the District Court does not accept my recommendation that attorney's fees should not be awarded, it should require the City's attorneys to provide documentation necessary to calculate the lodestar. *See e.g. Saizan v. Delta Concrete Products, Inc.*, 448 F.3d 795 (5th Cir. 2006).

District Court awarded all allowable and reasonable costs against William (Doc. 82). Those costs which are recoverable are enumerated in 28 U.S.C. § 1920. A party which is awarded its costs must submit its bill of costs no later than fourteen (14) days after judgment is entered unless otherwise ordered by the presiding judge. *See* Rule 54 (d)(1) and Local Rule 54.1. No timely bill of costs has been filed by the City Defendants.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the City Defendants' motion for attorney's fees and for court costs be denied.[5]

A copy of this recommendation shall be transmitted to Plaintiffs and counsel for the City Defendants.

SIGNED this 3rd day of January, 2008.

*/s/ Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[5] The magistrate judge does not address the City of Waxahachie's motion for attorney's fees in the event that either Plaintiff appeals the District Court's dismissal of their claims.