IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FREDERICK-WILLIAM: VAN HORN** and **FREDRICK-MARSHALL: VAN HORN**, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:06-CV-1734-L |
| **SYLVIA LOPEZ-BEAVER**, d/b/a Judge; **AARON MARTIN**, d/b/a Waxahachie Police Officer Badge # 140; **JEFFREY WINNINGHAM**, d/b/a Waxahachie Police Officer, Badge # 134; **CITY OF WAXAHACHIE, LORI DENNY** and **ELISA YRLAS**, d/b/a Municipal Court Clerks, | § § § § § § § § § § § | |
| Defendants. | § | |

### **ORDER**

Before the court are Plaintiff['s] Objections in Re of the October 31st 2007 Order & Memorandum Opinion & Plaintiff['s] Request for Reconsideration ("Motion for Reconsideration")[1], filed November 9, 2007; Defendants' Motion for Attorney's Fees, filed November 14, 2007; Plaintiffs['] Motion for New Trial, filed November 27, 2007; Plaintiffs['] Motion for Continuance, filed December 20, 2007; Plaintiffs['] Motion for Final Judgment (contained within Plaintiffs['] Response to Defendants['] Response to the Magistrate['s] January 3, 2008, Opinion, filed January 24, 2008; and Plaintiffs['] Motion for Relief from the Judgment, filed February 14, 2008.

---

[1] Plaintiff Fredrick-Marshal: Van Horn did not join in this motion; however, he did join in the other four motions filed by Plaintiffs.

**Order - Page 1**

### A. Plaintiff['s] Motion for Reconsideration

In his motion for reconsideration, Plaintiff requests the court to vacate its judgment entered on October 31, 2007. This circuit treats a motion for reconsideration either as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) or as a motion for relief from the judgment under Fed. R. Civ. P. 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994) (citation and quotation marks omitted). Plaintiff seeks the court to reconsider its judgment and memorandum opinion and order issued on October 31, 2007. As Plaintiff's motion was filed within ten days of the court's judgment, the court treats the motion for reconsideration as a Rule 59(e) motion. The court has reviewed the motion and response and is convinced that its opinion and judgment are correct.

Pursuant to Fed. R. Civ. P. 59, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. With respect to newly discovered evidence, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny

a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Applying this standard to the facts of this case, the court determines that nothing warrants reconsideration of its prior dispositive order and judgment. In essence, Plaintiff seeks to relitigate old matters or those which were resolved to his dissatisfaction. Justice demands finality in this case.[2]

### B. Defendants' Motion for Attorney's Fees

Defendants' Motion for Attorney's Fees was referred to the magistrate judge on November 16, 2007. On January 3, 2008, the Report and Recommendation of the United States Magistrate Judge ("Report") was filed. The magistrate judge found that "some of the legal positions taken by Plaintiffs are borderline frivolous" but found that Frederick-William Van Horn's claims were not "so lacking in merit as to require him to pay for the City's Defendants' attorney's fees." Report at 4. The magistrate judge also found that "the facts and circumstances as they relate to [Frederick-Marshall:Van Horn] do not warrant taxing him with the City Defendants' attorney's fees." Report at 3. Defendants objected to the findings and conclusions of the magistrate judge.

For a prevailing defendant to receive attorney's fees in a civil rights case, such defendant must establish that the lawsuit was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S.

---

[2]In addition to the reasons set forth in its Opinion of October 31, 2007, the court determines that Defendants' remaining arguments raised in Defendants' Alternative Motion for Summary Judgment are valid grounds for granting the motion for summary judgment.

**Order - Page 3**

412, 422 (1978). Frivolity is determined by deciding "whether the case was so lacking merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991) (citations omitted). "When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citation omitted). The Supreme Court cautions that "[e]ven when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422. Courts impose this stringent test on a prevailing defendant "to prevent any chilling effect on the enforcement of civil rights." *Myers*, 211 F.3d at 292 n.1 (citation omitted).

The court agrees with the findings and conclusions of the magistrate judge regarding the motion for attorney's fees. The court realizes that Plaintiffs are *pro se*, have limited education, and lack formal legal training. Many of their pleadings demonstrate a total lack of appreciation for the basic legal concepts and principles relevant to this case. The court is convinced that Plaintiffs believe that they have been wronged and, because of their inability to grasp the fundamental legal concepts and principles relevant to this area of the law, are unable to understand the legal consequences of their failed legal strategy. Plaintiffs have "pushed the envelope," and certainly some of their tactics are borderline frivolous, but ultimately the court does not believe that either Plaintiff's claims at the time the court issued its dispositive decision were so lacking in merit to be considered frivolous or groundless. Accordingly, the court **accepts** the findings and conclusions of the magistrate judge as those of the court and **denies** Defendants' Motion for Attorney's Fees.

### C. Plaintiff's Motion for Continuance

Having reviewed this motion, the court determines that it should be, and is hereby, **denied**.

### D. Plaintiffs['] Motion for Final Judgment, Plaintiffs['] Motion for New Trial, and Plaintiffs['] Motion for Relief from the Judgment

The court, using the standard and rationale set forth in addressing Plaintiff['s] Motion for Reconsideration, **denies** these motions. Nothing has been presented that warrants the relief requested by Plaintiffs.

### E. Further Filings and Appeal of this Action

**The court has given Plaintiffs the benefit of the doubt as to whether their actions in continuing this lawsuit have been frivolous or groundless. This was so because Plaintiffs are *pro se* and lack a fundamental understanding of the law. Plaintiffs have filed many documents that advance the same or similar arguments because they do not agree with court rulings. This must stop. "The jig is up"! Plaintiffs are duly placed on notice that this court concludes that any further filings regarding their case are frivolous, groundless, and without merit. Such filings will serve no purpose other than to annoy and harass Defendants and consume scarce judicial resources. Given the record in this case and the disposition of Plaintiffs' claims, the court concludes that an appeal will be frivolous or groundless. Nothing is gained by relitigating claims that have been ruled on and rejected. Plaintiffs have no legal basis to appeal this case, and this court determines that any appeal taken is in bad faith and frivolous. Because of Plaintiffs' numerous and unnecessary filings, neither Plaintiff may file any further documents unless it is a notice of appeal, which they do so at their own risk, without leave of the court. Any document filed in violation of this order will be stricken, and the court may**

**impose monetary sanctions against Plaintiffs or any other sanctions it deems appropriate for violation of this order.**

      **It is so ordered** this 29th day of February, 2008.

                                                              Sam A. Lindsay
                                                              United States District Judge